Donald L. BELL, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–408.

Supreme Court of Minnesota.

Oct. 6, 1982.

C. Paul Jones, Public Defender, and Ronald E. Hunter, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist, Rick Osborne, Beverly J. Wolfe and William Neiman, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Donald L. Bell, age 26, from an order of the Hennepin County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On November 5, 1979, petitioner, hitchhiking, obtained a ride from another person. Petitioner then produced a gun and robbed this person, shooting and seriously injuring him in the process. Approximately 2 hours later petitioner gained entry to a residence of another person and robbed that person at gunpoint.

Subsequently, a district court jury found petitioner guilty of burglary, aggravated robbery and assault in the second degree in connection with the second incident, and petitioner was sentenced for the burglary and aggravated robbery to concurrent 3–20 year prison terms. Petitioner then pleaded guilty to aggravated robbery in connection with the first incident, in exchange for a dismissal of charges of attempted second-degree murder, kidnapping, and being a felon in possession of a handgun. For this robbery conviction petitioner received a consecutive 3–20 year prison term. Petitioner is scheduled to be released from prison in August of 1989 and his sentences are scheduled to expire in February of 1993 and July of 2006. Petitioner is also serving concurrent terms of 0–10 and 0–20 years in prison for convictions of attempted aggravated robbery and aggravated robbery in Ramsey County District Court. These sentences, the more serious of which is scheduled to expire in 1988, are not the subject of this proceeding.

If the Sentencing Guidelines had been in effect at the time the offenses were committed, petitioner's criminal history score at the time of sentencing would have been three. Aggravated robbery is a severity level VII offense. The presumptive term for this offense by a person with a criminal history score of three is 49 months in prison. However, in this case, each robbery was an offense calling for a mandatory minimum

3–year prison term. A mandatory 3–year prison term translates into a 54–month Guidelines sentence. Because the two incidents involved different victims, consecutive sentencing to a term of 108 months would have been proper without departing from the Guidelines. Minnesota Sentencing Guidelines and Commentary, II.F. (1981). If petitioner were resentenced to the 108-month prison term, he would be entitled to release from prison in February of 1986 if he earned full good-time credit and his sentence would expire as early as February of 1989.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a record of recidivism. He had the burden of overcoming these negative factors and proving that his early release from sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.